UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WAYNE PARKS, | ) | Civil No. 09-2719-WQH(WVG) |
| | ) | |
| Petitioner, | ) | REPORT AND RECOMMENDATION |
| v. | ) | GRANTING RESPONDENT'S MOTION |
| | ) | TO DISMISS (11-1) |
| MATTHEW CATE, Secretary of the | ) | |
| California Department of | ) | |
| Corrections and Rehabilitation, | ) | |
| | ) | |
| Respondent. | ) | |

Wayne Parks ("Petitioner"), a state prisoner proceeding *pro se*, has filed a Petition For Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Respondent has filed a Motion to Dismiss the Petition. Petitioner has filed a "Memorandum of Points and Authorities In Support of the Motion to Grant The Petition For Writ of Habeas Corpus As Timeliness Filed," which the Court construes as an Opposition to the Motion to Dismiss.  The Court, having reviewed Petitioner's Petition, Respondent's Motion to Dismiss, Plaintiff's Opposition, and the lodgments presented therewith, finds that Petitioner's Petition is barred by the statute of limitations. Therefore, the Court RECOMMENDS that Respondent's Motion to Dismiss be GRANTED.

I

PROCEDURAL HISTORY

On April 20, 2001, a jury convicted Petitioner of two counts of lewd and lascivious conduct with a minor under the age of 14 years, in violation of California Penal Code §288(a) and one count of sending harmful matter with intent to seduce a minor, in violation of California Penal Code §288.2(a). (Respondent's Lodgment No. 1 at 46-48). The court sentenced Petitioner to ten years and eight months in prison. (Respondent's Lodgment No. 1 at 200).

On January 17, 2002, Petitioner appealed his convictions in the California Court of Appeal. (Respondent's Lodgment No. 2). On May 31, 2002, the California Court of Appeal denied Petitioner's appeal. (Respondent's Lodgment No. 5).

On July 12, 2002, Petitioner filed a Petition for Review in the California Supreme Court. (Respondent's Lodgment No. 6). On August 14, 2002, the Petition for Review was denied. (Respondent's Lodgment No. 6).

On May 22, 2003, Petitioner constructively[1] filed a Petition For Writ Of Habeas Corpus in the California Supreme Court. (Respondent's Lodgment No. 8). On January 22, 2004, the California Supreme Court denied the Petition.  (Respondent's Lodgment No. 9).

On February 4, 2009, Petitioner filed a Petition For Writ Of Habeas Corpus with the San Diego Superior Court. (Respondent's Lodgment No. 10). On April 13, 2009, the Superior Court denied the Petition. (Respondent's Lodgment No. 11).

---

[1]   The Court gives Petitioner the benefit of the "mailbox rule" which deems that a petition is constructively filed when it is delivered to prison officials for filing. Houston v. Lack 487 U.S. 266(1988).

1    On November 14, 2009, Petitioner filed a second Petition for

2 Writ of Habeas Corpus in the California Supreme Court. (Respondent's

3 Lodgment No. 12). On January 13, 2010, the Petition was denied.

4 (Respondent's Lodgment No. 13).

5    On January 22, 2010, Petitioner filed a second Petition for

6 Writ of Habeas Corpus in the San Diego Superior Court. (Respondent's

7 Lodgment No. 14). On April 21, 2010, the San Diego Superior Court

8 denied Petitioner's second Petition for Writ of Habeas Corpus.

9 (Respondent's Lodgment No. 15).

10    On May 7, 2009, Petitioner filed a Petition For Writ Of

11 Habeas Corpus in the United States District Court, Eastern District

12 of California. (Respondent's Lodgment No. 16). On December 15, 2009,

13 the Eastern District transferred the action filed in that district

14 to the United States District Court, Southern District of California

15 [case no. 09-2824-BTM(CAB)]. On January 21, 2010, the District Judge

16 assigned to that case dismissed the Petition. (Respondent's Lodgment

17 No. 16).

18    On December 3, 2009, Petitioner filed the Petition for Writ

19 of Habeas Corpus that is now before this Court.

20                                II

21               PETITIONER'S PETITION IS BARRED

22                BY THE STATUTE OF LIMITATIONS

23    1.   The AEDPA's One-Year Statute of Limitations

24    Respondent argues that the Petition is barred by the

25 Antiterrorism and Effective Death Penalty Act's ("the AEDPA")

26 statute of limitations. The provisions of the AEDPA apply to

27 petitions for writs of habeas corpus filed in federal court after

28 the AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521

1   U.S. 320, 117 S. Ct. 2059, 2068 (1997).   Therefore, because the

2   Petition was filed on December 3, 2009, the AEDPA applies to this

3   case.

4          Prior to the enactment of the AEDPA on April 24, 1996, "state

5   prisoners had almost unfettered discretion in deciding when to file

6   a federal habeas petition."   Calderon v. United States Dist. Court

7   (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), cert. denied, 118

8   U.S. 897 (1998), *overruled on other grounds by* Calderon v. United

9   States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998).

10  "[D]elays of more than a decade did not necessarily bar a prisoner

11  from seeking relief."   Id.

12         With enactment of the AEDPA, a state prisoner's time frame

13  for seeking federal habeas relief was dramatically limited.   The

14  AEDPA amended 28 U.S.C. § 2244 by, in part, adding subdivision (d),

15  which provides for a one-year limitation period for state prisoners

16  to file habeas corpus petitions in federal court.   Section 2244(d)

17  states, in pertinent part:

18         (d)(1)    A 1-year period of limitation shall apply to an
           application for a writ of habeas corpus by a person in
19         custody pursuant to the judgment of a State court.   The
           limitation period shall run from the latest of –
20

21                  (A)  the date on which the judgment became
                    final by the conclusion of direct review
22                  or the expiration of the time for seeking
                    such review;
23

24                  (B)  the date on which the impediment to
                    filing an application created by State
25                  action in violation of the Constitution or
                    laws of the United States is removed, if
26                  the applicant was prevented from filing by
                    such State action;
27
                    (C)  the date on which the constitutional
                    right asserted was initially recognized by
28                  the Supreme Court, if the right has been
                    newly recognized by the Supreme Court and

1          made retroactively applicable to cases on
          collateral review; or

2

3          (D)   the date on which the factual predi-
          cate of the claim or claims presented could
          have been discovered through the exercise

4          of due diligence.

5          (2)   The time during which a properly filed applica-
          tion for State post-conviction or other collateral

6          review with respect to the pertinent judgment or claim
          is pending shall not be counted toward any period of

7          limitation under this subsection.

8   28 U.S.C.A. § 2244(d)

9      On August 14, 2002, the California Supreme Court affirmed

10  Petitioner's convictions and sentence. Petitioner's convictions and

11  sentence became final on November 12, 2002, 90 days after Petitioner

12  could have filed a petition for writ of *certiori* in the United

13  States Supreme Court. <u>Wixom v. Washington</u>, 264 F.3d 894, 897 (9th

14  Cir. 2001).

15      Therefore, absent tolling, Petitioner had one year or until

16  November 12, 2003, to file his Petition For Writ of Habeas Corpus

17  with this Court. However, as explained in detail below, Petitioner

18  waited over six years to file the Petition that is now before the

19  Court, thus making it untimely and barred by the statute of

20  limitations.

21      Petitioner filed several petitions for post-conviction relief

22  in the California Superior and Supreme Courts. The statute of

23  limitations is tolled while a "properly filed" state habeas corpus

24  petition is "pending" in the state court. Under the holding of <u>Nino</u>

25  <u>v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999), the "statute of

26  limitations is tolled from the time the first state habeas petition

27  is filed until the California Supreme Court rejects petitioner's

28  final collateral challenge," provided the petitions were properly

1   filed and pending during that entire time. The statute of

2   limitations is <u>not tolled</u> from the time a final decision is issued

3   on direct state appeal and the time the first state collat-

4   eral challenge is filed because there is no case "pending" during

5   that interval.  <u>Nino</u>, 183 F.3d at 1006

6       The meaning of the terms "properly filed" and "pending" in

7   <u>Nino</u> have been clarified by the United States Supreme Court. In

8   <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), the Court held that the time

9   between denial in a lower California court and the filing of a

10  subsequent petition in the next higher court does not toll the

11  statute of limitations, if the petition is ultimately found to be

12  untimely. <u>Id.</u> at 223-226. In <u>Pace v. DiGuglielmo</u>, 544 U.S. 408

13  (2005), the Court held that statutory tolling is not available for

14  the period a petition is under consideration, if it is dismissed as

15  untimely. <u>Id.</u> at 413

16      While statutory tolling may be available for intervals

17  between ascending filings (ie. from Superior Court, to the Court of

18  Appeal, to the Supreme Court), it is not available for the interval

19  between descending filings, unless a petitioner is attempting to

20  remedy a deficiency in the new filing. <u>King v. Roe</u>, 340 F.3d 821,

21  823 (9th Cir. 2003) *abrogated on other grounds* by <u>Evans v. Chavis</u>,

22  546 U.S. 189 (2006); <u>Delhomme v. Ramirez</u>, 340 F. 3d 817, n. 3 (9th

23  Cir. 2003). Statutory tolling is similarly unavailable for the

24  interval between successive filings in the same court. <u>Dils v.</u>

25  <u>Small</u>, 260 F.3d 984, 986 (9th Cir. 2001); <u>Purifoy v. Cullen</u>, 2010 WL

26  4181169 at *3 (C.D. Cal. 2010); <u>Camacho v. Hernandez</u>, 2009 WL 192483

27  at *4 (S.D. Cal. 2009).

28

1    Petitioner's first petition for relief after his convictions
2  and sentence became final was filed on May 22, 2003 in the Califor-
3  nia Supreme Court. On January 22, 2004, the California Supreme Court
4  denied the Petition. From November 12, 2002 (the date Petitioner's
5  convictions and sentence became final) to May 22, 2003, (the date
6  Petitioner filed a Petition for Writ of Habeas Corpus in the
7  California Supreme Court) (**6 months, 10 days)**, the statute of
8  limitations was **not tolled** because there was no case pending during
9  that interval. <u>Nino</u> 183 F.3d at 1006

10   From May 22, 2003 (the date Petitioner filed a Petition for
11  Writ of Habeas Corpus in the California Supreme Court) to January
12  22, 2004 (the date the California Supreme Court denied the Petition)
13  (**8 months),** the statute of limitations was tolled because Petitioner
14  was properly pursuing his state court remedies.

15    Thereafter, on February 4, 2009, Petitioner filed a Petition
16  for Writ of Habeas Corpus in the San Diego Superior Court. On April
17  13, 2009, the San Diego Superior Court denied the Petition.

18   From January 22, 2004 (the date the California Supreme Court
19  denied Petitioner's Petition for Writ of Habeas Corpus) to February
20  4, 2009 (the date Petitioner filed a Petition for Writ of Habeas
21  Corpus with the San Diego Superior Court) (**5 years, 13 days**), the
22  statute of limitations was **not tolled** because statutory tolling is
23  unavailable for intervals between descending filings. <u>King</u> 340 F.3d
24  at 823.

25   Thereafter, on November 14, 2009, Petitioner filed a second
26  successive Petition for Writ of Habeas Corpus in the California
27  Supreme Court.  On January 13, 2010, the California Supreme Court
28  denied the Petition.

1       On January 22, 2010, Petitioner filed a second successive

2    Petition for Writ of Habeas Corpus in the San Diego Superior Court.

3    On April 21, 2010, the Petition was denied.

4       From April 13, 2009 (the date of the Superior Court's denial

5    of Petitioner's first Petition for Writ of Habeas Corpus) to April

6    21, 2010 (the date of the Superior Court's denial of Petitioner's

7    second Petition for Writ of Habeas Corpus)(**1 year, 8 days**), the

8    statute of limitations was **not tolled** because statutory tolling is

9    not available for intervals when a petitioner is pursuing relief on

10   successive filings. <u>Dils</u>, 260 F.3d at 986; <u>Purifoy</u>, at *3; <u>Camacho</u>,

11   at *4.

12       While applications for state post-conviction relief or other

13   collateral review may toll the statute of limitations, that is,

14   pause the statute of limitations clock, tolling does not restart the

15   statute of limitations period. <u>Ferguson v. Palmateer</u>, 321 F.3d 802,

16   832 (9th Cir. 2003). Adding together the three periods of time when

17   the statute of limitations was <u>not</u> <u>tolled</u> (**6 months, 10 days + 5**

18   **years, 13 days + 1 year, 8 days)**, results in a total of approxi-

19   mately six years and seven months, which is well beyond the one year

20   statute of limitations mandated by 28 U.S.C. § 2244(d)(1)(A).

21   Accordingly, Petitioner failed to file his Petition for Writ of

22   Habeas Corpus in a timely fashion and it is therefore barred.

23       2.   <u>Petitioner is Not Entitled to Equitable Tolling of the</u>
                      <u>Statute of Limitations</u>

24       Petitioner argues that he is entitled to equitable tolling of

25   the statute of limitations because he has been diligent "to conform

26   by the way of Collateral review until 2009 when (he) filed his

27   Postconviction/Habeas Corpus." (Opposition at 2). Respondent argues

28

1  that Petitioner is not entitled to equitable tolling of the statute

2  of limitations.

3       The one-year statute of limitations is subject to equitable

4  tolling. Calderon, 128 F.3d at 1288. Equitable tolling of the

5  statute of limitations is appropriate where a habeas petitioner

6  shows: (1) that he has been pursuing his rights diligently, and (2)

7  that some extraordinary circumstance stood in his way. Pace, 544

8  U.S. at 418; Espinoza-Matthews v. California, 432 F.3d 1021, 1026

9  (9th Cir. 2005). The burden of demonstrating grounds warranting

10 equitable tolling rests with the petitioner. Pace, 544 U.S. at 418.

11 The obligation to act diligently "does not pertain solely to the

12 filing of the federal habeas petition, rather it is an obligation

13 that exists during the period appellant is exhausting state court

14 remedies as well." Roy v. Lampert, 465 F.3d 964, 972 (9th Cir. 2006)

15 citing Lacava v. Kyler, 398 F.3d 271, 277 (3rd Cir. 2005). When

16 courts assess a habeas petitioner's argument in favor of equitable

17 tolling, they must conduct a "highly fact-dependent" inquiry.

18 Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000), Lott v.

19 Mueller, 304 F.3d 918, 923 (9th Cir. 2002). The extraordinary

20 circumstances must be the "but-for and proximate cause" of the

21 untimely filing. Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001).

22      In this case, Petitioner alleges that in 2002, prison

23 authorities "seized all of the Petitioner property including State

24 Post conviction/Habeas Corpus," and that "(after) 6 years," prison

25 authorities "return Petitioner State Postconviction Nov. 2008."

26 (Opposition at 2).

27      However, Petitioner's allegations are belied by the state

28 court record presented by Respondent. The state court record

indicates that from January 2002 through May 2003, Petitioner filed in the California courts at least three applications for relief. (Respondent's Lodgments Nos. 2, 6, 8). Therefore, even if Petitioner's allegations regarding the seizure of his property were true, he still was able to file applications for relief in the California courts.

Moreover, Petitioner does not explain what property was seized from him nor how the lack of that property hindered the diligent pursuit of his state court remedies. Further, Petitioner does not explain what, if anything, he did to obtain his property after it was seized. Additionally, Petitioner did not seek relief from this Court to have Respondent provide him with his legal materials, if in fact those materials were seized from him. In other words, Petitioner does not provide a valid reason why he waited from 2004, after the denial of his first Petition for Writ of Habeas Corpus by the California Supreme Court, to 2009 before continuing with any further state collateral action, or why he waited from 2004 to 2009 to file the Petition now before the Court. Under these circumstances, the Court can not conclude that Petitioner was diligently pursuing his rights or that some extraordinary circumstance stood in his way of timely filing the Petition that is before the Court.

Therefore, the Court finds that Petitioner has failed to establish that he is entitled to equitable tolling of the statute of limitations. Accordingly, the Court declines to equitably toll the statute of limitations and finds that his Petition for Writ of Habeas Corpus filed in this Court is untimely.

1                              III

2                  CONCLUSION AND RECOMMENDATION

3          After a thorough review of the record in this matter, the

4   Court has determined that Petitioner has failed to comply with the

5   AEDPA's statute of limitations and that he is not entitled to

6   equitable tolling of the statute of limitations. 28 U.S.C.A. §

7   2244(d).

8           Accordingly, the Court RECOMMENDS that Respondent's Motion

9   to Dismiss is GRANTED.

10         This Report and Recommendation of the undersigned Magistrate

11  Judge is submitted to the United States District Judge assigned to

12  this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

13         **IT IS ORDERED** that no later than <u>February 4, 2011</u>, any party

14  to this action may file written objections with the Court and serve

15  a copy on all parties.  The document should be captioned "Objections

16  to Report and Recommendation."

17

18

19

20

21

22

23

24

25

26

27

28

1   **IT IS FURTHER ORDERED** that any reply to the objections shall

2   be filed with the Court and served on all parties no later than

3   February 18, 2011. The parties are advised that failure to file

4   objections within the specified time may waive the right to raise

5   those objections on appeal of the Court's order. Martinez v. Ylst,

6   951 F.2d 1153 (9th Cir. 1991).

7

8

9

10

11

12   DATED:   January 5, 2011

13

14   _____
         Hon. William V. Gallo
15       U.S. Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28