1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

WAYNE PARKS,

                                    Petitioner,

            vs.

MATTHEW CATE, Secretary of the
California Department of Corrections and
Rehabilitation,

                                    Respondent.

CASE NO. 09cv2719 WQH (WVG)

**ORDER**

HAYES, Judge:

The matter before the Court is the Report and Recommendation ("R&R") (ECF No. 20) of Magistrate Judge William V. Gallo, filed on January 5, 2011, recommending that this Court dismiss the Petition for Writ of Habeas Corpus filed by Petitioner Wayne Parks. (ECF No. 1).

## BACKGROUND

On April 20, 2001, Petitioner was convicted by a jury of two counts of lewd and lascivious conduct with a minor under the age of 14 in violation of California Penal Code section 288(a) and one count of sending harmful matter with intent to seduce a minor in violation of California Penal Code section 288.2(a). Petitioner was sentenced to ten years and eight months in prison.

On January 17, 2002, Petitioner appealed his convictions to the California Court of Appeal. On May 31, 2002, Petitioner's appeal was denied. On July 12, 2002, Petitioner filed

a petition for review in the Supreme Court of California. On August 14, 2002, the petition for review was denied. On May 22, 2003, Petitioner filed a petition for writ of habeas corpus in the Supreme Court of California. On January 22, 2004, the Petition was denied. On February 4, 2009, Petitioner filed a petition for writ of habeas corpus in the Superior Court of California for the County of San Diego. On April 13, 2009, the Petition was denied.

On November 14, 2009, Petitioner filed a petition for writ of habeas corpus in the Supreme Court of California. On January 13, 2010, the Petition was denied. On January 22, 2010, Petitioner filed a petition for writ of habeas corpus in the San Diego Superior Court. On April 21, 2010, the petition was denied. On May 7, 2009, Petitioner filed a petition for writ of habeas corpus in the United States District Court, Eastern District of California which was transferred to the Southern District of California. On January 21, 2010, the Petition was dismissed.

On December 3, 2009, Petitioner filed the Petition for Writ of Habeas Corpus pending before this Court. On January 5, 2011, the Magistrate Judge issued a Report and Recommendation recommending that the Petition be denied because it is barred by the statute of limitations. (ECF No. 20). On May 11, 2011, Petitioner filed objections to the Report and Recommendation. (ECF No. 26). Petitioner states, "I apologize for incorrectness with my habeas corpus. I would like a 'Certificate of [Appealaility] COA'" *Id.* at 1.

## STANDARD OF REVIEW

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a *de novo* determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

## DISCUSSION

Petitioner objects to the Report and Recommendation. Accordingly, the Court reviews the Petition and the Report and Recommendation *de novo*.

The Magistrate Judge correctly found that the Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d). The Magistrate Judge correctly found that Petitioner's sentence became final on November 12, 2002, 90 days after Petitioner could have filed a petition for writ of certiori in the United States Supreme Court. The Magistrate Judge correctly found that the statute of limitations was tolled from May 22, 2003, the date Petitioner filed a petitioner for writ of habeas corpus in the California Supreme Court, to January 22, 2004, the date the California Supreme Court denied the petition. The Magistrate Judge correctly found that Petitioner is not entitled to equitable tolling. The Magistrate Judge correctly found that the Petition was filed approximately six years and seven months after the statute of limitations began to run. The Magistrate Judge correctly found that the Petition is barred by the statute of limitations.

After *de novo* review of the Petition, the record and the submissions of the parties, the Court finds that the Petition for Writ of Habeas Corpus is denied on the grounds that it is barred by the statute of limitations.

On June 20, 2011, Petitioner filed a letter to the Clerk of the Court requesting appointment of counsel. (ECF No. 29). "Although 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of a § 2254 habeas case "if the interests of justice so require," the Court has determined that the interests of justice do not require the assistance of counsel in this case. 18 U.S.C. § 3006A(a)(2)(B). Petitioner's request for appointment of counsel is denied.

On June 21, 2011, Petitioner filed a Motion for Injunctive Relief seeking a "permanent injunction, petitioner has lost his legal defense, showing the actual merits on this case." (ECF No. 31 at 12). The Petition for Writ of Habeas Corpus is barred by the statute of limitations. The Motion for Injunctive Relief is denied as moot.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a Section 2254 habeas corpus proceeding. *See* 28 U.S.C. §

2253(c)(1)(A); Fed. R. App. P. 22(b).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  The Court concludes that jurists of reason could not find it debatable whether this Court was correct in denying the Petition.  The Court denies a certificate of appealability.

## CONCLUSION

IT IS HEREBY ORDERED that the Court ADOPTS the Report and Recommendation (ECF No. 20) in its entirety and the Motion to Dismiss (ECF No. 11) is GRANTED. Petitioner's request for appointment of counsel (ECF No. 29) is DENIED and Petitioner's Motion for Injunctive Relief (ECF No. 31) is DENIED as moot.  The Clerk of the Court shall enter judgment dismissing the Petition for Writ of Habeas Corpus (ECF No. 1) for failure to file this action within the statute of limitations.

DATED:  June 27, 2011

**WILLIAM Q. HAYES**
United States District Judge